IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

**SARA DANESHPAJOUH**,

    Plaintiff,

vs.

**SAGE DENTAL GROUP OF FLORIDA, PLLC,**
a Florida corporation, **SAGE DENTAL
MANAGEMENT, LLC**, a Florida corporation, and
**SAGE DENTAL OF POMPANO BEACH, P.A.**,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Sara Daneshpajouh (Dr. Daneshpajouh), by and through her undersigned counsel, sues Defendant, Sage Dental Group of Florida, PLLC (Sage Dental Group), Sage Dental Management, LLC (Sage Dental Management) and Sage Dental of Pompano Beach, P.A. (Sage Dental of Pompano Beach) (collectively, Sage) and states as follows:

### JURISDICTION AND VENUE

1. This is an action brought by Dr. Daneshpajouh against Sage, her former employer, for violations of 29 U.S.C. §2601 *et seq.*, the Family and Medical Leave Act (FMLA) and §448.12, *Florida Statutes*, the Florida Whistle-blower's Act (FWA).

2. This Court has federal question jurisdiction over Dr. Daneshpajouh's FMLA claims pursuant to 28 U.S.C. §1331 as well as pendent jurisdiction over her state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this jurisdiction where the actions giving rise to the causes of action occurred in Broward County, Florida.

## THE PARTIES

4. Dr. Daneshpajouh is an individual over the age of 18 and is a resident of Broward County, Florida.

5. Sage Dental Group, Sage Dental Management and Sage Dental of Pompano Beach are Florida corporations, headquartered in Boca Raton, Florida, which do business throughout the state of Florida and Georgia, including South Florida where Dr. Daneshpajouh lives and performed work on behalf of Sage.

## FACTUAL ALLEGATIONS

6. Dr. Daneshpajouh is a general dentist, who was hired on October 16, 2012, by Gentle Dental Group of Pompano Beach, P.A., which is now known as Sage to work in the Pompano Beach location.

7. Dr. Daneshpajouh was very successful during her tenure. She was very productive, profitable and well-liked by her patients.

8. Indeed, throughout her tenure, Dr. Daneshpajouh enjoyed pay raises, significant bonuses and commissions.

9. As a general dentist with Sage, Dr. Daneshpajouh was responsible for seeing, treating and caring for patients' dental needs, and Sage was responsible for providing Dr. Daneshpajouh with all the necessary facilities, equipment and staff.

2

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

10. While Dr. Daneshpajouh performed her job duties well, the Pompano Beach location in which she was assigned was plagued with constant staff turnover, staff that was not properly trained and that lacked patient/customer service skills and poor office management.

11. Due to the high-volume of patients at the Pompano Beach location, the office typically needed two full-time dentists, which was the case until January 2017, when Dr. Daneshpajouh's colleague was transferred to another location.

12. As such, during most of 2017, Dr. Daneshpajouh was the only dentist at the Pompano Beach location until a second dentist, Dr. Lisa Ma, was later hired who worked with Dr. Daneshpajouh until her last official day of work on February 7, 2018.

13. Notwithstanding the aforementioned, on July 5, 2017, Dr. Daneshpajouh learned she was pregnant.

14. Several weeks later, Sage hired Simin Kermani as its office manager for the Pompano Beach location.

15. After only one week on the job, out of nowhere, Ms. Kermani told Dr. Daneshpajouh that she "better not get pregnant anytime soon" because "we have to make money around here."

16. Obviously knowing that she was pregnant at the time, Dr. Daneshpajouh was scared and concerned about her continued employment given Ms. Kermani's statement.

17. As such, she decided to wait until August to share the news of her pregnancy with Ms. Kermani and the rest of the office, which she did on August 17, 2017.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

18. On October 5, 2017, Puneet Mann, the Regional Manager and Ms. Kermani's direct supervisor, came to the office with a woman who he introduced as the new office manager, Dr. Ma.

19. Unbeknownst to Dr. Daneshpajouh, Dr. Ma was actually hired as a general dentist to work at the Pompano Beach location purportedly along with Dr. Daneshpajouh and was not hired as the office manager.

20. That same day, Dr. Daneshpajouh met with Mr. Mann regarding Ms. Kermani and concerns she had about ongoing violations of the Health Insurance Portability and Accountability Act (HIPPA), which provides data privacy and security provisions for safeguarding medical information, mistakes Ms. Kermani made and issues with the hygienists. She also shared with him that she was pregnant, which he already knew from Ms. Kermani.

21. Approximately three weeks later, on October 27, 2017, at a routine ultrasound, Dr. Daneshpajouh learned that she was in preterm labor and needed an emergency surgery to save her pregnancy and her unborn child, which she had on October 30, 2017.

22. At or around that same time, Dr. Daneshpajouh called Dr. Miguel Montilla, Dr. Daneshpajouh's immediate supervisor, and advised him that she needed rest after her surgery and would be out of work for several days.

23. Dr. Daneshpajouh then inquired about taking FMLA leave, to which Dr. Montilla asked whether she had taken any vacation. Dr. Daneshpajouh replied she had not, to which Dr. Montilla responded discouraging her from taking FMLA leave and indicating that she did not need FMLA leave but to send a note from her doctor, which she did.

4

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

24. Nine days later, on November 6, 2017, Dr. Daneshpajouh returned to work at 8:00 a.m.

25. At 11:30 a.m., Dr. Montilla came to her office and advised her that he needed to speak with her.

26. During that meeting, he advised Dr. Daneshpajouh that she was not meeting her numbers, that he was not happy and that he wanted her transferred to the Parkland office, none of which had been previously discussed with her. He further advised her that she could take a hygienist with her and an assistant when she was transferred to Parkland.

27. Dr. Daneshpajouh was shocked and did not understand why she was suddenly and without any reason or prior warnings being transferred from the Pompano Beach location to the Parkland office, which was known as being the worst office.

28. On November 7, 2017, the next day, Dr. Daneshpajouh had another call with Dr. Montilla wherein she advised him that moving her to Parkland was a huge demotion. In response, Dr. Montilla told Dr. Daneshpajouh that given her condition and having a high-risk pregnancy, it would be good for her since there would be less pressure at that location.

29. Dr. Daneshpajouh then inquired, since Sage seemed determined to relocate her, about being moved to the Davie location, which was looking to hire another dentist at the time and that was five minutes from home. Dr. Daneshpajouh also asked whether she would be provided with a guarantee if they relocated her. Dr. Montilla said he needed to speak with Joe Garcia, the Chief Executive Officer of Sage Dental Management, and that he would get back in touch with her.

5

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

30. Two days later, on November 9, 2017, Dr. Montilla returned to the Pompano Beach location with Mr. Mann and advised Dr. Daneshpajouh that she would not be relocated to the Parkland office and that she was being terminated allegedly because she was not profitable.

31. Dr. Ma replaced Dr. Daneshpajouh but Dr. Ma was told when she was hired that she would be working along with Dr. Daneshpajouh (thus restoring the Pompano Beach office to a two dentist location).

32. After Dr. Daneshpajouh's unlawful termination, Sage told staff to advise her patients that Dr. Daneshpajouh made the decision to leave because of her pregnancy, which was not true. Rather, she was terminated for unlawful and retaliatory reasons. Sage also disclosed Dr. Daneshpajouh's private and personal medical information to her patients and staff, including information about Dr. Daneshpajouh's surgery and that she had a complicated and high-risk pregnancy, which Dr. Daneshpajouh later complained of to Dr. Montilla and Mr. Mann.

33. As a result of Sage's unlawful actions, Dr. Daneshpajouh has hired the law firm of Becker & Poliakoff, P.A., and has agreed to pay it all reasonable attorneys' fees and costs incurred by it for rendering services on her behalf.

34. All conditions precedent have occurred, were performed or have been waived.

## COUNT I
### Claims brought under FMLA – interference

35. Dr. Daneshpajouh hereby re-alleges and re-asserts paragraphs 1 through 34 and incorporates them herein as if fully set forth herein.

36. Dr. Daneshpajouh was an eligible employee under the FMLA.

37. Sage is an employer as defined by the FMLA.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444

38. On October 27, 2017, at a routine ultrasound, Dr. Daneshpajouh learned that she was in preterm labor and needed an emergency surgery to save her pregnancy and the life of her unborn child, which she had on October 30, 2017.

39. Thereafter, Dr. Daneshpajouh called Dr. Montilla and advised him that she needed bedrest after her surgery and would be out of work for several days.

40. Dr. Daneshpajouh then inquired about her FMLA rights and taking FMLA leave, to which Dr. Montilla asked whether she had taken any vacation.  Daneshpajouh replied she had not.

41. Thereafter, Dr. Montilla discouraged her from taking leave under the FMLA and told Dr. Daneshpajouh that she did not need to take FMLA leave and as such, no FMLA leave information was provided to Dr. Daneshpajouh and she did not take the FMLA leave to which she was entitled.

42. Further, after Dr. Daneshpajouh returned from her surgery, Sage disclosed her personal and private medical information to staff and her patients, which should have remained confidential.

43. Sage willfully interfered with Dr. Daneshpajouh's FMLA rights by failing to provide her with information regarding her FMLA rights when she inquired about taking such leave because of her own serious medical condition and that of her unborn child, by discouraging her from taking such FMLA leave to which she was entitled and by disclosing her personal and private medical information to staff and her patients.

44. The acts taken by Sage were unlawful and violated Dr. Daneshpajouh's rights under the FMLA, which prohibits employers from interfering with an employee's right to take FMLA

7

leave and from disclosing confidential medical information.

45. As a result of Sage's actions, Dr. Daneshpajouh has suffered damages, including, but not limited to, emotional stress, pain, suffering, mental anguish and other non-pecuniary losses, including damage to her professional reputation.

## COUNT II
## FMLA – Retaliation

46. Dr. Daneshpajouh hereby re-alleges and re-asserts paragraphs 1 through 34 and incorporates them herein as if fully set forth herein.

47. Dr. Daneshpajouh was an eligible employee under the FMLA.

48. Sage is an employer as defined by the FMLA.

49. On or about October 30, 2017, Dr. Daneshpajouh, after having an emergency surgery to save the life of her unborn child after going into preterm labor, inquired about her rights under FMLA.

50. On November 9, 2017, three days after Dr. Daneshpajouh returned from her emergency surgery, and ten days after inquiring about her rights under the FMLA and taking FMLA leave, she was terminated from her employment with Sage.

51. The above described allegations by Sage were purposeful.

52. Dr. Daneshpajouh engaged in protected activity during her employment with Sage when she inquired about her rights under FMLA and sought to take medical leave because of her own serious medical condition and that of her unborn child.

53. After inquiring about her FMLA rights and seeking to take job protected leave, ten days later, Dr. Daneshpajouh was terminated from her employment.

8

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

54. Indeed, Dr. Daneshpajouh's protected activity is causally related to the adverse employment action of which she suffered and her ultimate termination in that all adverse employment actions were made, initiated or involved Dr. Montilla and/or Mr. Mann and Dr. Daneshpajouh's termination occurred days after she inquired about her rights under FMLA and sought to take FMLA leave by Mr. Mann and Dr. Montilla.

55. Further, while Sage may claim it had a legitimate non-retaliatory reason for Dr. Daneshpajouh's termination, the same is not worthy of belief because while Sage claimed Dr. Daneshpajouh was not profitable and that is why she was terminated, Dr. Daneshpajouh was initially offered to switch locations, other dentists who were far less profitable than Dr. Daneshpajouh and were not pregnant either remained employed or were relocated to other offices, and throughout her employment including the months leading up to her termination, Dr. Daneshpajouh received bonuses and commissions due to her productivity and profitability.

56. As a direct and proximate result of the foregoing unlawful acts, Dr. Daneshpajouh has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damages to her reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages occurred in the past, yet are permanent and continuing.

<u>**Count III**</u>
**FWA – wrongful discharge**

57. Dr. Daneshpajouh hereby realleges and reasserts paragraphs 1 through 34 and incorporates them herein as if fully set forth herein.

58. Dr. Daneshpajouh brings this action for violation of the FWA.

59. Sage is an employer as defined by the FWA.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

60. On October 5, 2017, approximately one month before Dr. Daneshpajouh was terminated from her employment with Sage, she complained to Mr. Mann concerning HIPPA violations made by Ms. Kermani and other staff at the Pompano Beach location.

61. On November 9, 2017, Dr. Daneshpajouh was terminated from her employment with Sage.

62. The above described allegations by Sage were purposeful.

63. Dr. Daneshpajouh engaged in protected activity during her employment with Sage when she complained about the HIPPA violations.

64. After complaining about HIPPA violations that were ongoing in the Pompano Beach location, thirty-five days later, Dr. Daneshpajouh was terminated from her employment.

65. Indeed, Dr. Daneshpajouh's protected activity is causally related to the adverse employment action of which she suffered and her ultimate termination in that all adverse employment actions were made, initiated or involved Mr. Mann (and/or Dr. Montilla) and Dr. Daneshpajouh's termination occurred thirty-five days after she complained to Mr. Mann concerning the HIPPA violations.

66. Further, while Sage may claim it had a legitimate non-retaliatory reason for Dr. Daneshpajouh's termination, the same is not worthy of belief because while Sage claimed Dr. Daneshpajouh was not profitable and that is why she was terminated, Dr. Daneshpajouh was initially offered to switch locations, other dentists who were far less profitable than Dr. Daneshpajouh and were not pregnant either remained employed or were relocated to other offices, and throughout her employment including the months leading up to her termination, Dr. Daneshpajouh received bonuses and commissions due to her productivity and profitability.

10

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

67. As a direct and proximate result of the foregoing unlawful acts, Dr. Daneshpajouh has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damages to her reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Daneshpajouh prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Sage under the applicable counts set forth above, mandating Sage's compliance with the laws enumerated herein and providing other equitable relief to Dr. Daneshpajouh;

(c) enter judgment against Sage and in favor of Dr. Daneshpajouh awarding her damages from Sage for its violations of the law as stated herein as well as interest;

(d) enter judgment against Sage and in favor of Dr. Daneshpajouh permanently enjoining Sage from future violations of the laws stated herein;

(e) enter judgment against Sage and in favor of Dr. Daneshpajouh awarding Dr. Daneshpajouh her attorneys' fees and costs; and

(f) grant all such further relief as deemed just and proper under the circumstances.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL 33401
TELEPHONE (561) 655-5444

## **DEMAND FOR JURY TRIAL**

Dr. Daneshpajouh demands a trial by jury against Sage on all issues so triable.

Respectfully submitted this 30th day of October 2019.

                                                     BECKER & POLIAKOFF, P.A.
                                                     *Counsel for Plaintiff, Sara Daneshpajouh*
                                                     625 N. Flagler Drive, 7th Floor
                                                   West Palm Beach, FL 33401
                                                   Tel: (561) 655-5444
                                                   Fax: (561) 832-8987
                                                   Email: jdokovna@beckerlawyers.com
                                                   Alt. Email:  bmichenfelder@beckerlawyers.com

                                                   *By:  /s/ Jamie B. Dokovna*
                                                         Jamie B. Dokovna, Esq.
                                                         Florida Bar No. 592722

ACTIVE: D25560/388901:12939813_1