UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62700-RAR

SARA DANESHPAJOUH,

    Plaintiff,

v.

SAGE DENTAL GROUP OF
FLORIDA, PLLC, *et al.*,

    Defendants.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR ATTORNEYS' FEES AND COSTS

**THIS CAUSE** comes before the Court upon Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report"), [ECF No. 143], filed on June 20, 2023. The Report recommends that the Court deny Defendants' Verified Motion for Trial Court and Appellate Attorneys' Fees and Nontaxable Costs ("Motion"), [ECF No. 135]. Report at 1.

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010).

Defendants object to most of the Report's analysis but predominately reiterate the arguments Judge Strauss addressed at length in the Report. *See generally* Defs.' Objs. to Magistrate Judge's R&R on Defs.' Verified Mot. for Trial Court & Appellate Att'ys Fees and

Nontaxable Costs ("Objections"), [ECF No. 146]. Having conducted a *de novo* review of the Motion and the record, the Court summarily adopts the Report's reasons for not awarding attorneys' fees and costs pursuant to the Court's inherent authority, 28 U.S.C. § 1927, and the Florida Whistleblower Act. Report at 5–18.[1]

The Court also agrees Defendants are not entitled to attorneys' fees and costs under Plaintiff's employment agreement ("Employment Agreement"). Report at 18–25. Defendants claim entitlement to fees and costs under section 15 of the Employment Agreement, which states in relevant part that "[i]n the event of any legal dispute between the parties, the prevailing party shall be entitled to collect from the non-prevailing party all reasonable attorney, paralegal and expert fees and court costs incurred in litigating such dispute." Employment Agreement, [ECF No. 135-1] § 15. The Report concludes that Defendants are not entitled to fees and costs because Plaintiff's claims did not arise out of the Employment Agreement and the provision does not unambiguously establish it still applies in these circumstances.

"Under Florida law, a 'contractual attorney's fee provision must be strictly construed.'" *Succar Succar v. Safra Nat'l Bank of N.Y.*, 237 F. App'x 526, 528 (11th Cir. 2007) (quoting *B & H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Cmty. Coll., Fla.*, 542 So. 2d 382, 387 (Fla. 1st DCA 1989)). "[I]f an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Int'l Fid. Ins. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1336 (11th Cir. 2018) (quoting *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114,

---

[1] Defendants take issue with the Report's characterization of the text messages that their Motion largely relies on. *See* Objs. at 8–10. But Defendants miss the Report's point by continually arguing these messages demonstrate Plaintiff knew she was fired for financial reasons. As the Report states, there is no evidence that substantiates Plaintiff's speculation about Defendants' firing motives. Report at 14. This, as well as the fact this case was not frivolous when brought, are among the reasons this Court cannot find Plaintiff acted with subjective bad faith.

1118 (Fla. 4th DCA 1997)). "'Contractual provisions are construed in the context of the entire agreement' and 'courts must strive to read a contract in a way that gives effect to all of the contract's provisions.'" *Pier 1 Cruise Experts v. Revelex Corp.*, No. 16-80567, 2016 WL 10592318, at *3 (S.D. Fla. July 1, 2016) (alteration accepted) (quoting *Retreat at Port of Islands, LLC v. Port of Islands Resort Hotel Condo. Ass'n, Inc.*, 181 So. 3d 531, 533 (Fla. 2d DCA 2015)).

The Report correctly concludes Defendants are not entitled to attorneys' fees and costs under section 15 of the Employment Agreement because it does not sufficiently specify attorneys' fees and costs are recoverable in these circumstances. Defendants argue that because the provision includes the term "any legal dispute," it provides for fees and costs in essentially any case between the parties—or at the very least, any case related to Plaintiff's employment. But Defendants read this provision in isolation. Section 15 is a "Miscellaneous" section that includes several provisions, almost all of which make clear they only apply in disputes related to "this Agreement." As quoted in the Report, among these are terms specifically relating to legal proceedings:

> In the event of any legal dispute between the parties, the prevailing party shall be entitled to collect from the non-prevailing party all reasonable attorney, paralegal and expert fees and court costs incurred in litigating such dispute. *This Agreement* and all of the terms and conditions hereof shall be construed and interpreted in accordance with the internal laws of the State of Florida without reference to Florida's conflicts of laws principles. Dentist specifically agrees that the Fifteenth Judicial Circuit in and for Palm Beach County, Florida has jurisdiction over the enforcement of *this Agreement* and that the Fifteenth Judicial Circuit in and for Palm Beach County, Florida will be the appropriate venue for any action brought in connection with *this Agreement* . . . . Each party hereby waives any right to a trial by jury in the event of any litigation or other proceedings instituted in connection with *this Agreement*.

Employment Agreement § 15 (emphases added). When this provision is viewed in context, it is clear it only relates to attorneys' fees and costs incurred in litigation regarding or arising out of the Employment Agreement. To confirm this plain meaning, the Court notes that several provisions—

though they more squarely reference "this Agreement"—were not enforced in this action. Despite the fact the provision sets venue in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida and provides that any right to a jury trial is waived, this action was brought in federal court and was set for a jury trial. *See generally* Dkt. So, this case is presumably not an action the parties considered to be "in connection with [the Employment] Agreement." Employment Agreement § 15.

The Report similarly concludes that Plaintiff's causes of action—though related to her employment—are entirely independent from the Employment Agreement. Report at 22–23. Because the fee and cost provision does not sufficiently indicate the prevailing party in a case unrelated to the Employment Agreement is entitled to such fees and costs, the Report correctly recommends that the Motion be denied. Report at 22–23; *Int'l Fid. Ins.*, 906 F.3d at 1336. In other words, it would contravene the specificity requirements imposed by Florida law to award attorneys' fees and costs under this provision.

Accordingly, the Court, having conducted a *de novo* review of the Report's findings identified in Defendants' Objections and having reviewed all other sections of the Report for clear error, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 143], is **AFFIRMED AND ADOPTED**.
2. Defendants' Motion, [ECF No. 135], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of July, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**